Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiffs,
RYAN & RUSSELL WEBB

## UNITED STATES DISTRICT COURT,
## DISTRICT OF ARIZONA

| | |
|---|---|
| RYAN & RUSSELL WEBB, | ) Case No.: |
| | ) |
| Plaintiffs, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| MRS ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFF'S COMPLAINT

RYAN & RUSSELL WEBB (Plaintiffs), through their attorneys, KROHN & MOSS, LTD., allege the following against MRS ASSOCIATES, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant is located in and conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

- 1 -

5.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6.  Plaintiffs are natural persons residing in North Pole, Fairbanks  North County, Alaska.

7.  Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiffs.

9.  Defendant is a collection agency and has a business office in Phoenix, Maricopa County, Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

12. Defendant is attempting to collect a student loan owed by Plaintiff Ryan Webb, and co-signed for by Plaintiff, Russell Webb.

13. Defendant constantly and continuously places collection calls to Plaintiff, Ryan Webb, on his cellular telephone number at (907) 750-1285, seeking and demanding payment for the alleged consumer debt.

14. Defendant constantly and continuously places collection calls to Plaintiff's, Russell Webb, home telephone number at (907) 488-8539, seeking and demanding payment for the alleged consumer debt.

15. Defendant constantly and continuously places collection calls to Plaintiff's, Russell Webb, cellular telephone number at (907) 460-7564, seeking and demanding payment

- 2 -

for the alleged consumer debt.

16. Defendant calls Plaintiff, Ryan Webb, from a telephone number that appears as "private" on his caller ID.

17. Defendant calls Plaintiff, Russell Webb, from a telephone number that appears as "private" on his caller ID.

18. Defendant calls Plaintiff, Ryan Webb, and fails to state that "MRS Associates, Inc." is the caller.

19. Defendant calls Plaintiff, Ryan Webb, and fails to disclose that "MRS Associates, Inc." is a debt collector.

20. Defendant threatened to file a lawsuit against Plaintiff, Ryan Webb, while seeking and demanding payment for the alleged consumer debt. To date, no lawsuit has been filed.

21. Defendant threatened to put a lien on Plaintiff, Russell Webb's home, while seeking and demanding payment for the alleged consumer debt.

22. Defendant threatened to garnish Plaintiff's, Ryan Webb, wages while seeking and demanding payment for the alleged consumer debt. To date, Plaintiff's wages have not been garnished.

23. Defendant threatened to garnish Plaintiff's, Russell Webb, wages while seeking and demanding payment for the alleged consumer debt. To date, Plaintiff's wages have not been garnished.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff Ryan Webb.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural

consequence of this is to harass, abuse, and oppress the Plaintiff Russell Webb.

c.  Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's Ryan Webb, telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d.  Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's Russell Webb, telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

e.  Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff, Russell Webb, without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and fails to state that "MRS Associates, Inc." is the caller.

f.  Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's Ryan Webb, wages for nonpayment of the debt.

g.  Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's Russell Webb, wages for nonpayment of the debt.

h.  Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff, Ryan Webb, even though Defendant did not intend to take such action.

i.  Defendant violated *§1692e(5)* of the FDCPA by threatening to put a lien on Plaintiff, Russell Webb's house, even though Defendant did not intend to take such action.

j.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector when speaking to Plaintiff, Ryan Webb.

k.  Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide

PLAINTIFF'S COMPLAINT

appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiffs, RYAN & RUSSELL WEBB, respectfully request judgment be entered against Defendant, MRS ASSOCIATES, INC., for the following:

25. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

26. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

27. Actual damages,

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

29. Any other relief that this Honorable Court deems appropriate.

PLAINTIFF'S COMPLAINT

1

2
## DEMAND FOR JURY TRIAL

3        Plaintiffs, RYAN & RUSSELL WEBB, demand a jury trial in this cause of action.

4                              RESPECTFULLY SUBMITTED,

5 DATED:  January 22, 2010            KROHN & MOSS, LTD.

6

7                           By: _____

8                                 Ryan Lee
                                Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT

1
2
3
4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

5  STATE OF ALASKA

6      Plaintiff, RYAN WEBB, states as follows:

7    1.   I am the Plaintiff in this civil proceeding.
     2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe
8         that all of the facts contained in it are true, to the best of my knowledge, information
          and belief formed after reasonable inquiry.
9    3.   I believe that this civil Complaint is well grounded in fact and warranted by existing
          law or by a good faith argument for the extension, modification or reversal of existing
10        law.
     4.   I believe that this civil Complaint is not interposed for any improper purpose, such as
11        to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
          needless increase in the cost of litigation to any Defendant(s), named in the
12        Complaint.
     5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
13   6.   Each and every exhibit I have provided to my attorneys which has been attached to
          this Complaint is a true and correct copy of the original.
14   7.   Except for clearly indicated redactions made by my attorneys where appropriate, I
          have not altered, changed, modified or fabricated these exhibits, except that some of
15        the attached exhibits may contain some of my own handwritten notations.

16      Pursuant to 28 U.S.C. § 1746(2), I, RYAN WEBB, hereby declare (or certify, verify
    or state) under penalty of perjury that the foregoing is true and correct.
17
18
19  DATE: 10 Jan 2010                    _____
20                                            RYAN WEBB
21
22
23
24
25

-7-

PLAINTIFF'S COMPLAINT

1

2

3

## VERIFICATION OF COMPLAINT AND CERTIFICATION

4

5    STATE OF ALASKA

6        Plaintiff, RUSSELL WEBB, states as follows:

7    8.    I am the Plaintiff in this civil proceeding.
     9.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe
8          that all of the facts contained in it are true, to the best of my knowledge, information
           and belief formed after reasonable inquiry.
9    10.   I believe that this civil Complaint is well grounded in fact and warranted by existing
           law or by a good faith argument for the extension, modification or reversal of existing
10         law.
     11.   I believe that this civil Complaint is not interposed for any improper purpose, such as
11         to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
           needless increase in the cost of litigation to any Defendant(s), named in the
12         Complaint.
     12.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
13   13.   Each and every exhibit I have provided to my attorneys which has been attached to
           this Complaint is a true and correct copy of the original.
14   14.   Except for clearly indicated redactions made by my attorneys where appropriate, I
           have not altered, changed, modified or fabricated these exhibits, except that some of
15         the attached exhibits may contain some of my own handwritten notations.

16        Pursuant to 28 U.S.C. § 1746(2), I, RUSSELL WEBB, hereby declare (or certify,
     verify or state) under penalty of perjury that the foregoing is true and correct
17

18

19   DATE: 1/14/10                    _Russell Webb_
                                      RUSSELL WEBB

20

21

22

23

24

25

- 8 -

PLAINTIFF'S COMPLAINT